**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DEMARIO WALKER #L1625**                                                                **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 2:17-cv-66-KS-MTP**

**RONALD W. KING**                                                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Demario Walker's Petition for Writ of Habeas Corpus [1] and amended Petition for Writ of Habeas Corpus [18] along with Respondent's Response [31]. After careful consideration of the parties' submissions and the law, the undersigned recommends that the Petition be dismissed with prejudice.

## JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. Venue is proper in this Court because Petitioner was convicted in Jefferson Davis County, Mississippi, located in the Eastern Division of the Southern District of Mississippi. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F. 3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Walker pleaded guilty to a charge of false pretense in the Circuit Court of Jefferson Davis County, Mississippi on July 23, 2013. R. [32-2] at 66-68. The trial judge sentenced Walker to five years' incarceration, which was suspended and contingent upon five years of successful probation. *Id*. On March 27, 2015 Walker's probation was revoked after the trial court found that he had absconded from his probation, failed to pay his fines, and failed to pay restitution. *Id*. at 95.

1

On May 18, 2015, Walker filed a Motion for Post-Conviction Collateral Relief in the Circuit Court of Jefferson Davis County seeking relief from his probation revocation two months earlier. *Id*. at 115- 120. The trial court considered Walker's motion and found that (1) Walker's probation was lawfully revoked; (2) Walker was not entitled to counsel; (3) revocation to the full term was not excessive; and (4) the court had authority to revoke Walker's probation. *Id*. at 123-127.

Walker appealed the circuit court's denial of his Motion for Post-Conviction Collateral Relief on June 12, 2015. *Id*. at 128. The Mississippi Court of Appeals heard Walker's appeal and issued a decision on October 18, 2016 and denied rehearing on April 11, 2017. *Walker v. State*, 230 So. 3d 709 (Miss. Ct. App. 2016). The Court of Appeals affirmed in part and reversed in part the decision of the trial court. *Id*.

Both Walker and the State filed petitions for certiorari, and the Mississippi Supreme Court granted certiorari and heard the case. *Walker v. State*, 230 So. 3d 703 (Miss. 2017). The supreme court rejected Walker's arguments that no evidence was presented of his parole violations and that he was not on parole in Jefferson Davis County when his revocation hearing occurred. *Id*. at 704-704. The supreme court, however, reversed the court of appeals and held that it was proper for the trial court to sentence him to serve the remaining five years of his sentence as he had committed three technical probation violations. *Id*. at 706. The supreme court held that a proper interpretation of the controlling statute would find each separate violation to be distinct technical violations, and Walker's three separate violations warranted the imposition of the entirety of his suspended sentence. *Id*. The judgment of the trial court that Walker should serve the five remaining years of his sentence was affirmed. *Id*.

At the Mississippi Court of Appeals, Walker raised the following issues:

1. Probation was unlawfully revoked.

2. Walker was denied counsel.

3. Probation for the full term was excessive.

4. Trial court did not have authority to revoke Walker's probation.

5. Trial court erred in denying Walker's post-conviction motion.

At the Mississippi Supreme Court, Walker raised the following issues:[1]

1. Walker's due process rights were violated, and no evidence was presented against him.

2. Walker was not on probation at the time of his alleged violations.

In his habeas Petition [1] and amended Petition [18], Walker raises the following issues for review:

1. The trial court lacked jurisdiction to revoke Walker's probation.

2. Walker was not afforded due process at the revocation.

3. The probation officer failed to classify Walker as a high, medium, or low risk offender.[2]

4. Walker was entitled to counsel at the revocation.

5. Walker's sentence was improper, excessive, or illegal.

---

[1] The Mississippi Supreme Court affirmed all the findings of the Mississippi Court of Appeals, apart from the court of appeals interpretation of the Mississippi Code Annotated § 47-7-37.

[2] This issue was never raised in the state court proceeding and is first mentioned in Walker's Amended Petition [18]. The undersigned suggests dismissing this issue on the merits, discussed later and found to be unmeritorious, under § 2254(a)(2). The entire petition must be dismissed as a "mixed petition" if this issue is dismissed on exhaustion grounds. *See Alexander v. Johnson*, 163 F.3d 906 (5th Cir. 1998); *see also Rose v. Lundy*, 455 U.S. 509 (1982).

Walker filed his Petition on May 10, 2017 raising several issues regarding his revocation of probation and return to the custody of the Mississippi Department of Corrections. *See* Pet. [1]. On October 13, 2017, Walker amended his Petition. *See* Amend. Pet. [18].

Respondent submitted the state court record and filed a Response on January 29, 2018. *See* Resp. [31], R. [32]. Walker then replied to Respondent on February 20, 2018 and requested further time to file a supplemental reply. *See* Reply [36]. Walker filed supplemental replies on March 6, 2018 and April 3, 2018. *See* Supp. Reply [38], Supp. Reply [41]. All of Walker's state appeals are exhausted and this habeas corpus petition is ripe for review.

## ANALYSIS

In his Petition, Walker raises several issues and seeks to be released from custody and reinstated on probation. Pet. [1] at 15. The Court reviews these arguments using the standard set forth in 28 U.S.C. § 2254(d) which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to that of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Walker asserts mixed question of law and fact regarding his conviction, therefore subsection (d)(1) applies. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 1999) (discussing how to apply 28 U.S.C. § 2254(d)). Walker also asserts pure questions of fact, in which case subsection (d)(2) applies. This Court presumes that factual determinations made by the state courts are correct. *Id.* (citing 28 U.S.C. § 2254(e)). "The petitioner has the burden of rebutting

4

the presumption of correctness by clear and convincing evidence." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

The clauses in § 2254(d)(1) "contrary to" and "unreasonable application" have independent meanings. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A decision from a state court is "contrary to" Supreme Court precedent only if it reaches a conclusion opposite one reached by the Supreme Court on an issue of law, or if the state court encounters materially indistinguishable facts from those at play in a Supreme Court decision and the state court reaches an opposite result. *Id*.

The definition of "unreasonable application" is different. This clause is implicated when a "state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. This Court must consider if the state court's application of the law was objectively unreasonable. *Id*. "An unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Id*. at 412.

"Habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment)). Federal courts do not sit as "super" state supreme courts and may decide the issues presented by the *habeas corpus* petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986).

***Ground One: Whether the Trial Court Had Authority to Revoke Walker's Probation***

Walker first argues that the Circuit Court of Jefferson Davis County was without jurisdiction to revoke his probation. Walker asserts that he was "serving time on a Wilkinson County conviction" and could not have been on probation in Jefferson Davis County when his

5

probation was revoked. Pet. [1] at 5. Walker admits that he has a lengthy criminal history, which he argues caused the probation officer to be confused about which sentence he was serving. Amend. Pet. [18] at 2. The sentence in Jefferson Davis County, according to Walker, had to be served after his previous convictions that also carried probation or parole requirements. *Id*.

Respondent argues that the authority of the circuit court to revoke Walker's probation is entirely a matter of state law and therefore immune from habeas review. Resp. [31] at 13. Respondent points to Mississippi case law that says, "Circuit court judges have the authority to 'revoke all or any part of' post-release supervision and return an offender to the custody of the Mississippi Department of Corrections." *Rucker v. State*, 909 So. 2d 137, 140 (Miss. Ct. App. 2005) (quoting MISS. CODE ANN. § 47-4-37 (2004)). The undersigned is not persuaded, however, that this is entirely an issue of state law. Revocation of probation deprives an individual of the conditional liberty they were afforded by the sentencing court, and the probationer is entitled to some measure of due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 781-782 (1973). Moreover, the United States Supreme Court has stated, "Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction." *U.S. v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Ex Parte Watkins*, 28 U.S. 193 (1830)).

While the issue of whether Walker was serving his parole sentence at the time of his revocation is open to habeas review, the undersigned finds the issue without merit. The Mississippi Supreme Court held that Walker was on probation when the violations occurred. *Walker*, 230 So. 3d at 705. Factual determinations made by the state courts are presumed to be correct unless the petitioner rebuts those factual conclusions with clear and convincing evidence. *Miller*, 200 F.3d at 281. The trial court, the Mississippi Court of Appeals, and the Mississippi

6

Supreme Court all held that Walker was on probation when his probation was revoked. *See* R. [32-2] at 126-127; *Walker*, 230 So. 3d at 711-712; *Walker*, 230 So. 3d at 705.

The undersigned also notes that the circuit court sentenced Walker on July 23, 2013 placing him on five years' probation. The Inmate Time Sheet calculated on October 20, 2014 does not show any sentence, apart from a conviction in Hinds County after the conviction at issue, that would have conflicted with Petitioner's parole in Jefferson Davis County. R. [32-2] at 68, [32-4] at 134. Walker has not cited any authority or demonstrated how the Mississippi Supreme Court's holding was erroneous. Therefore, while Walker did have a liberty interest implicated as his revocation hearing, the state court's decision was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court. The undersigned finds that this issue does not entitle Walker to habeas relief.

***Ground Two: Whether Walker Suffered a Denial of Due Process***

Walker also argues that he was denied due process at his revocation hearing. Pet. [1] at 7. Specifically, he alleges that he was not provided with a written statement of the facts and evidence relied upon to revoke his probation, he was not allowed to cross-examine the witnesses against him, he was not given a full opportunity to be heard, and he was not afforded the opportunity to present witnesses or submit evidence on his behalf. *Id.* In his Amended Petition, Walker also asserts that the probation officer, Richard Johnson, failed to classify him as a low, medium, or high-risk offender to determine if punishment or revocation was appropriate. Amend. Pet. [18] at 3.

Respondent submits that the due process required at a probation revocation hearing was afforded to Petitioner. Resp. [31] at 22. It is Respondent's position that the Mississippi Supreme Court's decision that Walker was afforded due process at his hearing was not an unreasonable

7

application of federal law or an unreasonable determination of the facts in light of the evidence. *Id.* Further, Respondent submits that Petitioner's claims regarding the probation officer's failure to classify him at the hearing is wholly a matter of state law and fails to raise a federal habeas corpus claim. *Id.* at n. 9.

In *Gagnon v. Scarpelli*, the United States Supreme Court articulated what measure of due process was necessary at a probation revocation hearing. 411 U.S. 778.

> "'(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'"

*Id.* at 786 (quoting *Morrissey v. Brewer*, 480 U.S. 471, 488-89 (1972)). The undersigned will address each finding of the state court as to the due process requirement of a probation revocation.

<u>Written Notice</u>

Walker did not contest whether he was given written notice in his post-conviction motion, but he did raise it on appeal. On certiorari review, the Mississippi Supreme Court held that "Walker was provided a copy of these violations and the evidence presented against him in a waiver of his rights to a preliminary revocation hearing, which he signed." *Walker*, So. 3d at 703. As further support of the supreme court's holding, the trial court found that "[t]he record clearly shows that Walker waived his right to notice on March 25, 2015. Notwithstanding, he was also provided written notice of the violations in the Waiver to Preliminary Probation Revocation Hearing that he signed." R. [32-2] at 125. The Mississippi Court of Appeals also

8

held that Walker signed a waiver of his right to a preliminary hearing and the alleged violations and evidence against him were listed on the wavier. *Walker*, So. 3d at 712.

Each state court that reviewed Walker's revocation hearing found that he was provided with a written notice. Walker has not demonstrated otherwise. The Mississippi Supreme Court's holding that Walker was provided a written notice is not an unreasonable application of the facts in light of the evidence presented at the State court proceeding.

Disclosure of Evidence

Walker also asserts that the evidence against him was not disclosed to him. Pet. [1] at 7. On appeal to the Mississippi Supreme Court, Walker argued for the first time that no evidence was presented to substantiate the allegations against him in Johnson's affidavit. The supreme court held that Johnson's affidavit contained evidence of three violations of Walker's probation, that the evidence was provided to him, and the issue was without merit. *Walker*, So. 3d at 704-05.

Walker argues that the waiver he signed did not have the evidence against him listed on it, but rather contained only the alleged violations. Reply [41] at 20. The undersigned notes that the waiver Walker signed lists the same information included in the affidavit relied upon by the circuit court to revoke his probation. R. [32-2] at 91-92. The holding of the Mississippi Supreme Court was not an unreasonable application of the facts in light of the evidence presented at the State court proceeding. This argument is without merit.

Opportunity to be Heard

Walker further alleges that he was not given a full and adequate opportunity to be heard. Pet. [1] at 7. The Mississippi Supreme Court held that Walker did not dispute the allegations

9

against him and called no witnesses. *Walker*, So. 3d at 705. This was also supported by the trial court and the court of appeals.

The trial court found that "Walker appeared in open court, and had the opportunity to be heard… [t]he Court need not advise Walker of his rights as long as he had the opportunity to exercise them and the Court did not stop him from doing so." R. [32-2] at 125 (citing *Smith v. State*, 94 So. 3d 335, 340-41 (Miss. Ct. App. 2011)). The Mississippi Court of Appeals noted that Walker participated in the revocation hearing. *Walker*, 230 So. 3d at 712. These findings and the record reflect that Walker had an opportunity to be heard at his revocation hearing but chose not to exercise his right. The Mississippi Supreme Court's holdings that Walker was afforded an opportunity to be heard is not an unreasonable application of the law or facts in light of the evidence presented at the State court proceeding.

Right to Confront

Walker contends he was not allowed to cross-examine the witnesses against him. Pet. [1] at 7. The Mississippi Supreme Court stated that Walker did not cross-examine Johnson. The supreme court also upheld the court of appeals which stated that "Johnson was present at the hearing and available for cross-examination, but Walker chose not to cross-examine Johnson." *Walker*, 230 So. 3d at 712.

Walker asserts that the circuit court's failure to advise him of his right to cross-examine, combined with the failure to provide an opportunity for cross-examine denied him that right. Reply [41] at 18. Nothing in the record demonstrates that Walker was denied the opportunity to cross-examine Johnson, who was present at the hearing. Even if Walker demonstrated that he was constructively denied the right to confront Johnson, due process in a revocation hearing does not require confrontation of adverse witness if the hearing officer finds good cause for not

allowing confrontation. *Gagnon*, 411 U.S. at 786. The Mississippi Supreme Court's holding, in affirming the Mississippi Court of Appeals, that Walker was not denied his right to confront the witnesses against him is not an unreasonable application of clearly established federal law. This issue does not warrant habeas relief.

### A Neutral Hearing Body

Walker did not assert that his revocation took place apart from a neutral hearing body in his Petition, therefore this Court will not address this due process requirement of a revocation hearing. Moreover, the record reflects that Walker was provided a hearing before a neutral body, the circuit court.

### A Written Statement by the Factfinder

Walker further contends that he was not given a written statement of the facts and evidence relied upon in revoking in his probation. Pet. [1] at 7. The court of appeals held that "[t]he circuit court issued an order in which it listed the evidence it had relied upon and gave reasons for revoking Walker's probation." *Walker*, 230 So. 3d at 713. The supreme court did not overrule the court of appeals on this issue. Moreover, the record contains the order from circuit court outlining why Walker's probation was revoked. R. [32-2] at 95.

Again, Walker seeks to attack a finding of the state courts but does not provide evidence to rebut the presumption given to the factual findings of the state courts. The holding of the Mississippi Supreme Court, in affirming the Mississippi Court of Appeals, that Walker was provided a written statement by the factfinder was not an unreasonable determination of the facts or law in light of the evidence presented in the State court proceeding. This issue does not create habeas relief for Walker.

Each due process requirement articulated in *Gagnon* was afforded at Walker's revocation hearing. For the reasons discussed above, the undersigned finds that the opinion of the Mississippi Court of Appeals and the opinion of the Mississippi Supreme Court that Walker was afforded due process at his revocation hearing applied the correct federal law in a reasonable manner and were not based on an unreasonable determination of the facts in light of the evidence. The undersigned recommends that Walker is not entitled to habeas relief based on the claim that he was denied due process at this revocation hearing.

Walker's Claims Regarding Offender Classification

Walker makes a further due process argument in his Amended Petition, asserting that the probation officer, Richard Johnson, failed to classify Walker as a low, medium, or high-risk offender for punishment and revocation purposes. Amend. Pet. [18] at 3. Walker states that this practice is required by Mississippi Department of Corrections (MDOC) Policy and state law but does not cite to a policy or statute. *Id*. Respondent contends that this is not an appropriate issue for a habeas corpus petition because classification in state prison is a matter of state law. Resp. [31] at 22.

This claim was not raised by Walker at the state court level and would generally be barred. However, "an application for a writ of habeas corpus may be denied on the merits, notwithstanding a failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(a)(2). The issue is without merit and can therefore be denied despite Petitioner's failure to exhaust.

"Federal habeas relief cannot be had 'absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v.*

*Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Even if Walker had specifically described the unnamed MDOC policy and state law he asserts were violated, this claim does not present an issue for habeas corpus review because "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *see also Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992). This issue is not cognizable in a habeas petition as Walker does not allege a constitutional violation.

### *Ground Three: Whether Walker Was Denied Counsel at His Revocation Hearing*

Walker next asserts that he should have been afforded counsel at his revocation hearing. Pet [1] at 8. He states that he suffers from mental health issues and should have provided an attorney to aid him. *Id*. Respondent argues that Walker did not have a constitutional right to counsel at his revocation hearing and that this ground does not state a claim for habeas relief. Resp. [31] at 23.

The Mississippi Supreme Court affirmed the findings of the court of appeals on this issue. The Mississippi Court of Appeals held that this issue was without merit. *Walker*, 230 So. 3d at 714. The court of appeals stated that "probationers do not have a per se right to counsel at probation-revocation hearings." *Id*. at 713 (citing *Riely v. State*, 562 So.2d 1206, 1209 (Miss. 1990)). The court also noted, though, that if the issues at the revocation hearing are difficult or complex then the trial court should provide counsel. *Id*. Here, the court of appeals held that the pertinent issues at Walker's revocation hearing were not complex, and Walker's assertions regarding his mental illness were not raised at the hearing and were not reflected in the record. *Id*. at 714. For these reasons, the court of appeals agreed with the circuit court that counsel was not necessary at Walker's revocation hearing. *Id*.

The United Supreme Court held in *Gagnon* that in probation revocations "the decision as to the need for counsel must be made on a case-by-case basis…." 411 U.S. at 790. The state courts in this matter did review the case to determine if Walker needed counsel in this instance. After considering that Walker did not request counsel, the lack of complexity in the case, and the lack of evidence to support Walker's claims regarding his alleged mental illness, the state courts found that Walker was not entitled to counsel at this revocation hearing. The undersigned finds that this was not an unreasonable application of Supreme Court precedent or an unreasonable application of the facts in light of the evidence. Habeas relief should not be granted on this issue.

*Ground Four: Whether Walker's Sentence is Illegal or Excessive*

Finally, Walker seeks habeas relief arguing that the sentence imposed at his revocation was illegal or excessive. Pet. [1] at 10. Walker specifically contests the supreme court's interpretation of Mississippi Code Annotated § 47-7-37. It is Walker's position that the allegedly improper interpretation of § 47-7-37 led to the imposition of an illegal sentence, or in the alternative, an excessive sentence considering his violations.

The court of appeals determined that it was improper to sentence Walker to the five remaining years of his sentence for the three violations addressed at his revocation hearing. *Walker*, 230 So. 3d at 714-15. The applicable statute at the time stated "[i]f the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center no to exceed ninety days for the first technical violation." MISS. CODE ANN. § 47-7-37(5)(a) (2016). A technical violation was defined as "an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer." MISS. CODE ANN. §

47-7-2(q) (2016).[3] The court of appeals held that the record reflected that this was Walker's first technical violation and he should have been sentenced to no more than ninety days. *Walker*, 230 So. 3d at 715. The court of appeals ordered the case remanded to the circuit court for resentencing. *Id*.

The Mississippi Supreme Court reversed the court of appeals on this issue. It held that "[w]hile this is Walker's first revocation hearing, he committed three technical violations of his probation. Pursuant to the relevant code section, the trial court properly sentenced Walker to serve the remaining five years of his original sentence." *Walker*, 230 So. 3d at 706. The court went on to say "Walker committed three separate acts or omissions, each of which violated a condition or conditions of his probation." *Id*. The court of appeals was reversed on this issue and the judgment of the circuit court was reinstated. *Id*.

Whether or not the Mississippi statute was appropriately applied in this matter is entirely an issue of state law. The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 67-68. Therefore, the Mississippi Supreme Court's interpretation of a Mississippi law calculating sentences for probation violations is not appropriate for habeas review.

---

[3] The language of this statute has since been amended. *See* SENTENCE AND PUNISHMENT—JAILS—REORGANIZATION, 2018 Miss. Laws Chapter 416. Walker's argument that his three technical violations should have resulted in a 90-day sentence would be correct under the amended statute. However, the law in place at the time of his revocation hearing did not have the current language, and Walker has not demonstrated why this new state law must be retroactively applied in this habeas proceeding.

Apart from the application of the statute, Walker argues that his sentence is excessive and disproportionate to this offense. Reply [41] at 22. He relies on *Solem v. Helm*, 463 U.S. 277 (1983) to argue that his sentence is excessive. In *Helm*, the petitioner was sentenced to life without parole for a variety of non-violent crimes, and the United States Supreme Court held that his sentence was excessive. *Id*.

*Helm*, however, is not instructive in this case. The decision in *Helm* focused on a sentence imposed for a criminal conviction, while Walker is challenging his probation revocation, not his underlying conviction for false pretense. Further, the *Helm* Court stated "that, 'outside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Id*. at 289-90 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). Walker has not demonstrated that the Mississippi Supreme Court's decision to affirm his five-year sentence was contrary to or involved an unreasonable application of clearly established federal law, and habeas relief is not appropriate on this issue.

## RECOMMENDATION

The undersigned recommends that the Petition [1] and amended Petition [18] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written

objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 14th day of January, 2019.

/s/ Michael T. Parker
United States Magistrate Judge