IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEMARIO WALKER #l1625                                       PETITIONER

VS.                                                        CIVIL ACTION NO. 2:17cv66-KS-MTP

RONALD W. KING                                           RESPONDENT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Demario Walker's Petition for writ of *habeas corpus* [1] and Amended Petition for writ of *habeas corpus* [18] along with Response [31]. The Court herein considers the record, the Report and Recommendation [42] of Magistrate Judge Micharl T. Parker, and the Objections thereto filed by Walker [43] [49].

## I. BACKGROUND

Walker pleaded guilty to a charge of false pretense in the Circuit Court of Jefferson Davis County, Mississippi on July 23, 2013. R. [32-2] at 66-68. The trial judge sentenced Walker to five years' incarceration, which was suspended and contingent upon five years of successful probation. *Id*. On March 27, 2015 Walker's probation was revoked after the trial court found that he had absconded from his probation, failed to pay his fines, and failed to pay restitution. *Id*. at 95.

On May 18, 2015, Walker filed a Motion for Post-Conviction Collateral Relief in the Circuit Court of Jefferson Davis County seeking relief from his probation revocation two months earlier. *Id*. at 115- 120. The trial court considered Walker's motion and found that (1) Walker's

probation was lawfully revoked; (2) Walker was not entitled to counsel; (3) revocation to the full term was not excessive; and (4) the court had authority to revoke Walker's probation. *Id*. at 123-127.

Walker appealed the circuit court's denial of his Motion for Post-Conviction Collateral Relief on June 12, 2015. *Id*. at 128. The Mississippi Court of Appeals heard Walker's appeal and issued a decision on October 18, 2016 and denied rehearing on April 11, 2017. *Walker v. State*, 230 So. 3d 709 (Miss. Ct. App. 2016). The Court of Appeals affirmed in part and reversed in part the decision of the trial court. *Id*.

Both Walker and the State filed petitions for certiorari, and the Mississippi Supreme Court granted certiorari and heard the case. *Walker v. State*, 230 So. 3d 703 (Miss. 2017). The supreme court rejected Walker's arguments that no evidence was presented of his parole violations and that he was not on parole in Jefferson Davis County when his revocation hearing occurred. *Id*. at 704-704. The supreme court, however, reversed the court of appeals and held that it was proper for the trial court to sentence him to serve the remaining five years of his sentence as he had committed three technical probation violations. *Id*. at 706. The supreme court held that a proper interpretation of the controlling statute would find each separate violation to be distinct technical violations, and Walker's three separate violations warranted the imposition of the entirety of his suspended sentence. *Id*. The judgment of the trial court that Walker should serve the five remaining years of his sentence was affirmed. *Id*.

At the Mississippi Court of Appeals, Walker raised the following issues:

1. Probation was unlawfully revoked.

2. Walker was denied counsel.

3. Probation for the full term was excessive.

4. Trial court did not have authority to revoke Walker's probation.

5. Trial court erred in denying Walker's post-conviction motion.

At the Mississippi Supreme Court, Walker raised the following issues:[1]

1. Walker's due process rights were violated, and no evidence was presented against him.

2. Walker was not on probation at the time of his alleged violations.

In his habeas Petition [1] and amended Petition [18], Walker raises the following issues for review:

1. The trial court lacked jurisdiction to revoke Walker's probation.

2. Walker was not afforded due process at the revocation.

3. The probation officer failed to classify Walker as a high, medium, or low risk offender.[2]

4. Walker was entitled to counsel at the revocation.

5. Walker's sentence was improper, excessive, or illegal.

---

[1] The Mississippi Supreme Court affirmed all the findings of the Mississippi Court of Appeals, apart from the court of appeals interpretation of the Mississippi Code Annotated § 47-7-37.

[2] This issue was never raised in the state court proceeding and is first mentioned in Walker's Amended Petition [18]. The undersigned suggests dismissing this issue on the merits, discussed later and found to be unmeritorious, under § 2254(a)(2). The entire petition must be dismissed as a "mixed petition" if this issue is dismissed on exhaustion grounds. *See Alexander v. Johnson*, 163 F.3d 906 (5th Cir. 1998); *see also Rose v. Lundy*, 455 U.S. 509 (1982).

Walker filed his Petition on May 10, 2017 raising several issues regarding his revocation of probation and return to the custody of the Mississippi Department of Corrections. *See* Pet. [1]. On October 13, 2017, Walker amended his Petition. *See* Amend. Pet. [18].

Respondent submitted the state court record and filed a Response on January 29, 2018. *See* Resp. [31], R. [32]. Walker then replied to Respondent on February 20, 2018 and requested further time to file a supplemental reply. *See* Reply [36]. Walker filed supplemental replies on March 6, 2018 and April 3, 2018. *See* Supp. Reply [38], Supp. Reply [41]. All of Walker's state appeals are exhausted and this habeas corpus petition is ripe for review.

## II. ANALYSIS

Walker's Petition for *habeas corpus* [1] claims that he is entitled to relief because of errors committed by the Circuit Court of Jefferson Davis County, Mississippi, the Court of Appeals and the Mississippi Supreme Court relative to a probation revocation hearing held March 27, 2015, in which Walker's probation was revoked. The background in this case indicates the facts before the Court and the burden that Walker has to meet to obtain habeas relief. Walker's Objections will be addressed as they are set forth in his Objections [43].

<u>Objection One:</u>

Petitioner Walker objects to the fact that he was not served with a copy of the State Court record.

This objection is raised for the first time on habeas and has not been exhausted in the state courts. However, the Court finds that based on the record that is before the Court

that Walker had access to the state record and that this objection is without merit, and the Court finds that it should be overruled.

<u>Objections relating to Ground One:</u>

Petitioner claims that he was on parole and not on probation and could not have his probation revoked. Petitioner had a significant criminal record with multiple convictions and the Court has considered the facts. Three courts, the Circuit Court, the Mississippi Court of Appeals and the Mississippi Supreme Court have found that jurisdiction was proper. The objection does not point the Court to any specific issues bringing the jurisdiction into question, and the Court finds that it is obligated to accept findings of fact by the State Courts unless they are shown by clear in convincing evidence to be incorrect. Hence, the Court finds that there is no basis to this objection and the Court finds that it should be overruled.

<u>Ground Two Objections:</u>

That the State Court holding that Walker was given advance disclosure of the evidence is incorrect.

Walker claims that he was not given advance notice of the charges. However, this issue was addressed by the State Courts and was found to be without merit. As stated above, factual findings by the State Court are accepted by this Court unless shown by clear and convincing evidence to be incorrect. The Court finds that there is no basis for Ground Two and this objection is overruled.

Opportunity to be Heard:

Walker claims that he was not allowed to cross-examine the witnesses and confront the witnesses. The State Courts found that this was not the case. The Court finds that there has been no showing that Walker did not have an opportunity to be heard or was denied the right to confront witnesses. Therefore this objection is without basis and is overruled.

Written Statement:

Walker claims that he was entitled to a written statement of what the findings of the lower court were. The State Courts found that he had been adequately furnished with these documents, and Walker pointed the Court to nothing to indicate that the State Courts' findings of fact were incorrect. Therefore, this Objection is without merit and is overruled.

Ground Three:

Walker objects because the State wouldn't allow the record to be expanded and that he was not allowed to submit records relating to his mental health condition. He further claims that he should have been appointed counsel. There is no right to counsel at a probation revocation hearing except under certain circumstances set forth. Walker's case was heard by three different levels of State Courts, each finding that he did not meet the circumstances to have appointed counsel. He has pointed to no error, and this Court finds that the lower courts have found that he was not entitled to counsel and that this objection should be overruled.

Ground Four:

Walker alleges that the Mississippi Supreme Court misinterpreted the Legislature's intent regarding punishment of probation violations. It is in fact true that the Legislature amended §47-7-2 of the Mississippi Code to provide for technical violations centers and limited the time that could be served for technical violations. However, the Mississippi Supreme Court found that there were in fact three violations which removed the 90 day cap. Walker has pointed to nothing that shows that the Supreme Court's decision was in error. This Court is required to accept factual findings on points of State law, and in this case the Court finds that interpreting Mississippi Law is a job for the Mississippi Supreme Court. The finding of the Supreme Court was a reasonable application of State law on a matter of sentencing, and this Court finds that the objection by Petitioner is without merit and should be overruled.

## III. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Walker's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation of the United States Magistrate Judge Michael Parker is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Demario Walker's claim is DISMISSED WITH PREJUDICE.

All other pending motions are DENIED AS MOOT.

SO ORDERED this the ___24th___ day of April, 2019.

                                        ___s/Keith Starrett_____
                                        UNITED STATES DISTRICT JUDGE